IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

GEORGE HOEY MORRIS           *

    Plaintiff,                *

        v.                    *      2:07-CV-1059-WKW
                                               (WO)

HON. SUSAN JAMES, *et al*.,  *

    Defendants.               *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is currently before the court on Plaintiff's complaint for injunctive and declaratory relief. He brings suit against Susan James, Esq. ["James"], J. Carlton Taylor, Esq. ["Taylor"], and Susan R. Redmond, Esq ["Redmond"]. According to the complaint, Plaintiff hired James to represent him at sentencing and on appeal of various federal convictions and hired Taylor to represent him in various state and federal criminal proceedings. Redmond is an Assistant United States Attorney involved in the prosecution of Plaintiff on his federal criminal charges. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate. *See* 28 U.S.C. § 1915(A).[1]

---

[1] Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A(a), this court is required to screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b)(1) & (2). The screening procedures which have been established

## I. DISCUSSION

According to the complaint, Plaintiff hired James to handle his sentencing proceedings and the appeals of seven of his federal convictions. When Plaintiff appeared in court for sentencing, the trial judge informed him that James would no longer be representing him because, were she to do so, this would constitute a violation of federal law as well as state ethics laws. Plaintiff maintains that he entered into a contract with James regarding her representation of him at sentencing and on appeal and only owes her a balance of $2,000.00 on the maximum contract amount of $15,000.00 but claims that she has not refunded any of the fees paid to date. Further, Plaintiff contends that the alleged illegality of James' continued representation of him on appeal was manufactured by Redmond. Plaintiff requests that James be ordered to complete the work she has been contracted to do, *i.e.*, represent him on appeal. (*Doc. No. 1 at 1-2, 4-5.*)

With regard to his allegations against Taylor, Plaintiff asserts that he hired Taylor prior to hiring James. Plaintiff alleges that James is aware of false allegations, misrepresentations, and perjury by a federal official in connection with his federal convictions but refuses to bring such matters to the attention of the court or "push [Plaintiff's] agenda" with regard to such claims. As a result, Plaintiff has lost confidence in Taylor's ability to represent him and has, therefore, removed him as counsel in his state cases and does not want Taylor to represent him on appeal of his federal cases. Plaintiff requests

---

for prisoner civil actions by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding *in forma pauperis*. *Martin v. Scott*, 156 F.3d 578-579-80 (5th Cir. 1998).

that Taylor be ordered to resign as his counsel and refrain from any further work on his cases. (*Doc. No. 1 at 3-4, 5.*)

Plaintiff complains that during his federal criminal trial proceedings Redmond, in her capacity as a prosecutor, prosecuted his case in a manner that affected the outcome of his federal trial by making an acquittal on the charges against him more difficult to obtain. Plaintiff further alleges that Redmond wanted Taylor rather than James to handle his appeals and threatened James in a "deliberate and successful effort to cause James to withdraw from [his] defense." Plaintiff requests that Redmond be directed to stipulate that virginbride.net is a legal publication which would clear the way for a fair assessment of his issues on appeal. (*Doc. No. 1 at 3-5.*)

*A.  Defendants Susan James, Esq., and James Taylor, Esq.*

With respect to Plaintiff's claims against James and Taylor, his complaint fails to state a federal cause of action against these individuals, and his allegations against them do not establish that the court has diversity jurisdiction over the suit. To the extent Plaintiff seeks to obtain relief against James and Taylor under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971),[2] he must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527 (1981).

---

[2]Federal courts have analogized *Bivens* claims to claims under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive plaintiff of a constitutional right. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978).

Plaintiff's claims against his defense/appellate counsel lack an arguable basis in law as it is well established that neither appointed nor retained counsel acts under color of state law in representing a defendant in trial proceedings or on direct appeal. *See Polk County v. Dodson,* 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 678 (5th Cir.1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir.1985) (retained counsel does not act under color of state law).

In the event that Plaintiff is attempting to allege a claim of legal malpractice against James and Taylor, any such claim is governed by state law and must, therefore, be brought in state court. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). To the extent that Plaintiff's claims against Taylor and James are premised on their allegedly deficient performance during his state and/or federal criminal trial proceedings, such claims are appropriately presented in a habeas corpus petition brought under 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), or in a motion to vacate brought pursuant to 28 U.S.C. § 2255.  *See Massaro v. United States*, 538 U.S. 500, 505 (2003). In light of the foregoing, Plaintiff's claims against James and Taylor are due to be dismissed.

B.  *Defendant Susan Redmond*

Plaintiff brings suit against Redmond complaining that the manner in which she prosecuted the case against him made it difficult for him to obtain an acquittal. He requests

that she be ordered to stipulate that the publication virginbride.net is legal, which would remove the widespread perception that he manufactured child pornography and is, therefore, deserving of punishment, and would thereby enable him to receive a fair review of his issues on appeal of his convictions.

To the extent that Plaintiff's complaint states a *Bivens* claim against Redmond, the claim is due to be dismissed. When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983/*Bivens* action for federal writ of habeas corpus challenging the basis for ongoing detention or a motion pursuant to § 2255 to attack a federal conviction, a prisoner fails to state a claim under § 1983/*Bivens*. *See Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989); *Preiser*, 411 U.S. at 500. A plaintiff, therefore, cannot seek declaratory or injunctive relief relating to his confinement and/or conviction in a § 1983/*Bivens* action.³ *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)*; Heck v. Humphrey,* 512 U.S. 477, 483-89 (1994); *Preiser*, 411 U.S. at 500; *St. Germaine v. Isenhower*, 98 F. Supp.2d 1366, 1373 (S.D. Fla. 2000). *See also Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutors are entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case).

To the extent that Plaintiff's complaint against Redmond is based on a claim of

---

³Compensatory and punitive damages are available in a 42 U.S.C. § 1983/*Bivens* action but not by way of a writ of habeas corpus or a § 2255 motion. To recover damages for an allegedly unconstitutional confinement in a civil rights action, a plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. 486-87.

prosecutorial misconduct, as noted, such claim is appropriate on appeal and/or in a motion to vacate sentence under 28 U.S.C. § 2255. *See Preiser*, 411 U.S. at 500.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The complaint against Defendants James and Taylor, to the extent that it is filed under 42 U.S.C. § 1983/*Bivens*, be DISMISSED pursuant to 28 U.S.C. § 1915(A)(b)(1);

2. The complaint, to the extent that it states claims against Defendants James and Taylor for legal malpractice, be DISMISSED as this court is without subject matter jurisdiction over such claims;

3. The complaint, to the extent that it is based on claims of ineffective assistance of counsel against Defendants James and Taylor, be DISMISSED without prejudice to Plaintiff's right to file the appropriate civil action in which he may raise such claims;

4. The complaint against Defendant Redmond, to the extent that it is filed as a *Bivens* action, be DISMISSED under 28 U.S.C. § 1915(A)(b)(1);

5. The complaint against Defendant Redmond, to the extent that it is based on a claim of prosecutorial misconduct, be DISMISSED without prejudice to Plaintiff's right to file the appropriate civil action in which he may raise such a claim; and

6. Plaintiff's complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 21, 2008.** Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE, this 8th day of February, 2008.

    /s/ Susan Russ Walker  
    SUSAN RUSS WALKER  
    UNITED STATES MAGISTRATE JUDGE