**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

GEORGE HOEY MORRIS,
     PLAINTIFF,

VS.

HON. SUSAN JAMES, et al.,
     DEFENDANTS.

)
)
)
)
)
)
)

CASE NO.: 2:07-CV-1059-WKW

## OBJECTION TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE

    Hon. Magistrate Judge Susan Russ Walker suggests that this claim must be heard in state court. Any attempt to move this to state court is virtually impossible for me to accomplish. This requirement assures that the complaint remains unanswered. The acts or omissions occurred in this Federal Court.

    Hon. Susan James acknowledges in the contract that she prepared entitled "Modified Employment Agreement and Contract" the possibility of federal jurisdiction. "In the event that this case is removed to Federal Court, the parties agree that the action will be litigated in the United States District Court for the Middle District of Alabama, Northern Division, Montgomery, Alabama."

    I object to Ms. Walker's use of her powers under the Prison Litigation Reform Act of 1996 to cause a legitimate complaint to go unanswered by any Defendant. My earlier objection to Ms. Walker's participation in this case documents her previous dismissal of two civil complaints without requiring any Answer from any Defendant. She ordered my confinement without bail and is heavily biased in favor of the Defendants.

1

Federal law requires a *pro se* complaint to be assessed under very liberal scrutiny. This court should acknowledge my confinement without the benefit of a law library or case law. Ms. Walker chooses specific and inappropriate case law that once again allows a complaint to go unanswered.

I have learned that Ms. Redmond has seized the media virginbride.net from Covington County with yet another wild goose chase seeking child pornography. To allow this complaint to remain unanswered constitutes manifest injustice.

RESPECTFULLY SUBMITTED on 21 February, 2008 by:

George Hoey Morris

Attachment: Exhibit A

2

George Huey Morris
Po Box 159
Montgomery AL 36101

MONTGOMERY AL 361

25 FEB 2008 · PM 3 L

"LET US DARE TO READ,
THINK, SPEAK AND WRITE"
John Adams 1765
powertothepeoplenetwork.com

USA 41

INMATE MAIL
MONTGOMERY CITY JAIL

36101+0711

Clerk
US District Court
Po Box 711
Montgomery, Ala. 36101

EXHIBIT A

## MODIFIED EMPLOYMENT AGREEMENT AND CONTRACT
## (SENTENCING AND APPEAL)

This Agreement, entered into this _____ day of February 2007 between George Hoey

Morris and David Morris (hereinafter collectively referred to as "Client"), and the Law Firm of

Susan G. James & Associates (hereinafter "Firm").

1. Client hereby hires, retains, contracts with, and employs Firm to provide professional

representation and represent his interests in his three separate trials and two sentencings in

criminal cases in Middle District of Alabama; Case No. 2:05cr00108-LSC-SRW-1 and Case No.

2:06cr00218-MHT-WC-1. The fee also covers representation before the Eleventh Circuit Court

of Appeals appealing all his convictions in the Middle District of Alabama to date.

2. For and in consideration of Firm's advice, counsel, and professional services, and of

Firm's promise to represent Client in his/her case, Client covenants, agrees, and promises to pay

to Firm the sum of $15,000.

3. Client has paid $11,000. The remaining $4000 00 is due immediately.

4. Client further agrees to pay any and all reasonable expenses incurred by Firm in pursuit

of this case. Such expenses include but are not limited to items such as depositions, transcripts,

filing fees, and all other expenses proximately related to Firm's representation of Client.

5. Should either party terminate this Agreement prior to disposition of Client's case, Firm

is entitled to demand and receive quantum meruit compensation for its time and efforts

expended on Client's behalf. Client understands and agrees that for quantum meruit

compensation Client will be billed at the Firm's standard rate of $350/hour for in and out of court

work. However, if fees earned are above and beyond the $15,000 paid, Counsel will seek no

further compensation as relates to this representation.

(Initial this page indicating that you have read and agree with the terms set forth._____)

6. Client understands and agrees that attorneys , and legal assistants in the Firm other than

Susan G. James may work on this case on Client's behalf.

7. **Client understands and agrees that no promises or guarantees, either express or implied, have been made by Firm or its employees concerning this case or its potential outcome.**

8. The parties stipulate and agree that in the event that either party goes to court to enforce their rights under this contract, said action will be litigated in Montgomery County, Alabama, in the appropriate state court, and that the laws of the State of Alabama shall apply. In the event that the case is removed to federal court, the parties agree that the action will be litigated in the United States District Court for the Middle District of Alabama, Northern Division, Montgomery, Alabama. The parties agree and stipulate that if either party goes to court to enforce any right under this contract, the prevailing party shall be entitled to all costs plus a reasonable attorney's fee. The aforementioned costs and attorney's fee shall be in addition to whatever right or remedy is sought in the court action.

9. This Employment Agreement is intended to be the sole statement concerning the agreement between Client and Firm, and any other terms which are not included herein are void. Any modifications of this Agreement must be in writing, and signed and dated by both parties.

10. This Employment Agreement is intended to cover only representation of George Hoey Morris in the above-referenced matters.

11. By signing and dating in the appropriate places below, Client affirms that he has read the foregoing document, understand its terms, and agrees to be bound by its terms.

(Initial this page indicating that you have read and agree with the terms set forth._____)